ANGELO NAVIGATO, Appellant, *vs.* ROSA NAVIGATO *et al.* Appellees.

*Opinion filed June 24, 1915.*

1. JUDGMENTS AND DECREES—*when partition decree is not void for want of jurisdiction.* The fact that a bill for partition is by consent dismissed without prejudice as to certain lienholders and tenants does not render the decree void as to the other defendants for want of jurisdiction of the lienholders and tenants, and while the decree is not binding upon the lienholders and tenants it is valid as to those who were parties, until reversed.

2. PARTITION—*partition decree cannot be reviewed on appeal from decree of sale.* A partition decree which settles the rights of all the parties then before the court as to the nature and extent of the interests of the various parties is a final decree which may be reviewed on appeal, but it cannot be reviewed on appeal from a subsequent decree of sale, made to carry the partition decree into execution.

3. SAME—*when no question of homestead is involved on appeal.* On appeal from a decree of sale made to carry a partition decree into effect no question of homestead is involved, where there is nothing in the pleadings indicating any claim of homestead and no homestead is mentioned in the partition decree.

4. SAME—*what is not a valid objection to decree of sale.* An objection that a decree of sale in a partition proceeding does not definitely ascertain the amounts due on the encumbrances upon the property cannot be considered on appeal from the decree of sale, where such decree follows the partition decree in that respect, so that the error, if any, is in the partition decree.

5. SAME—*when objection to commissioners' fees in partition is waived.* An objection that the report of commissioners in a partition proceeding fixes their fees at $25 each whereas the statute fixes their fees at two dollars a day is waived on appeal, where no objection was made to the report of the commissioners in the trial court and there is no assignment of error as to the commissioners' fees.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ERNEST SAUNDERS, for appellant.

DONALD L. MORRILL, (ROBERT W. MILLAR, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Angelo Navigato filed his bill in the superior court of Cook county against Rosa Navigato, the prayer of which was to have set aside a deed from the complainant to said defendant of one-half of certain real estate described in the deed, which was alleged to have been altered by the grantee before recording, so as to convey two-thirds instead of one-half of such real estate; also to have partition between the complainant and said defendant of such real estate, one-half to each. Certain persons alleged to be holders of incumbrances or tenants in possession were made defendants to the bill, but before answer, by consent, the bill was dismissed, without prejudice, as to all the defendants except Rosa and Joseph Navigato and the co-partnership of Navigato Sons & Co., who answered jointly. The cause was referred to a master, who made his report, and after a hearing a decree was rendered on November 19, 1914, that Angelo was seized of an undivided one-third and Rosa of the undivided two-thirds of the premises, and that division should be made between them, and commissioners were appointed for that purpose. The commissioners reported that the premises were not susceptible of division and that the commissioners had appraised them, and on December 16 their report was approved and the premises were decreed to be sold. From this order Angelo Navigato prayed and perfected this appeal.

While this appeal is from the decree of sale rendered December 16, the assignments of error and the appellant's argument are directed against the decree of partition on November 19. It is insisted that while that part of the decree which finds that the deed was not altered and that Angelo and Rosa are, respectively, entitled to one-third and two-thirds of the premises is correct, yet the decree of par-

tition is void for want of jurisdiction because the lienholders and tenants who had been dismissed by consent were not parties. While the decree could not affect the rights of the parties thus dismissed, it was not rendered without jurisdiction but until reversed was valid as to those who were parties.

The decree of sale provides that the sale shall be subject to the lien of two trust deeds on different parts of the premises, and it is argued that the amounts due upon these incumbrances are not definitely ascertained. The decree of° sale follows the decree of partition as to the trust deeds, ·and the error, if any, is in the decree of partition.

It is said that Rosa Navigato is in possession of the premises claiming a homestead therein yet there was no written consent to the sale. There is nothing in the pleadings indicating any claim of homestead and no homestead is mentioned in the decree of partition, which fixed the rights of the parties, and therefore no question of. the right of homestead is involved.

Objection is made that the decree of partition does· not specifically define the nature and extent of the tenancy of Navigato Sons & Co., but that decree is not before us for review.

The decree of partition on November 19 was a final decree and settled the rights of all the parties then before the court as to the nature and extent of the various interests in the premises. If it did not correctly determine the interests of the parties or was in any way erroneous it was subject to review by any dissatisfied party by means of an appeal. It cannot be reviewed upon appeal from a subsequent order made in carrying the original decree into execution. *Crowe* v. *Kennedy,* 224 Ill. 526; *Piper* v. *Piper,* 231 id. 75; *Ellguth* v. *Ellguth,* 250 id. 214.

The appellant makes in his brief the complaint that the report of the commissioners fixes their fees at $25 each, while the statute fixes their fees at two dollars a day. No

objection was made to the report of the commissioners in the superior court and no assignment of error is made here as to the commissioners' fees. The objection has therefore been waived.

The decree appealed from is affirmed.

*Decree affirmed.*