(No. 13458.—Reversed and remanded.)
FREDERICK Z. MARX, Appellant, *vs.* THE STATE BANK OF
CHICAGO *et al.* Appellees.

*Opinion filed October 23, 1920.*

1. PARTITION—*mortgagee is a necessary party to suit—costs.*
Under the Partition act a mortgagee of premises sought to be partitioned is a necessary party to the suit, and may, in the discretion of the court, be considered a party in interest, within the meaning of section 40 of said act, concerning the apportionment of costs.

2. COSTS—*apportionment of costs in partition suit rests in discretion of court.* There is no technical rule governing the exact apportionment of costs in a partition suit and the subject is one for the exercise of a sound discretion in the application of equitable principles.

3. SAME—*when complainant's solicitor's fee should not be paid from proceeds of sale.* Where a mortgagee, made a party to a partition suit, declares a forfeiture for non-payment of interest and proves the amount due, it is equitable that some· portion of the costs be paid from the proceeds of the sale even though such proceeds are less than the amount due the mortgagee, but the deficit should not be further increased by allowing complainant's solicitor's fee to be paid from such proceeds.

4. MORTGAGES—*what amounts to consent by mortgagee to sale free from lien.* A mortgagee who, when made a party to a partition suit, elects to declare the mortgage due, answers setting up the forfeiture and proves the amount due, consents that the premises may be sold ·free from the lien of the mortgage and the proceeds of the sale be applied to payment of the debt.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

BUTZ, VON AMMON & MARX, (FREDERIC E. VON AMMON, of counsel,) for appellant.

JOHN J. HEALY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court :.

This is an appeal from a judgment of the Appellate Court reversing a decree of the circuit court of Cook county for the distribution of the proceeds of the sale of real estate in a partition suit brought by appellant. The premises sold at the partition sale belonged to Amelia Marx, who died intestate in January, 1914, leaving three sons, Frederick Z., Walter Z. and Zero, her only heirs. In her lifetime, and while her husband, who predeceased her, was still living, she became indebted to the State Bank of Chicago in the sum of $7000, for which notes, secured by a trust deed on the premises, were executed by herself and husband. Subsequently the son Walter Z. became indebted to the same bank in the sum of $4000, for which he gave his promissory note. As collateral to secure its payment Amelia Marx gave her note to the bank for $4300 and to secure it she and her husband executed a second trust deed on the same premises. In March, 1914, the bank procured judgment on the $4000 note for $4441.81, which included an attorney's fee of ten per cent authorized by the note. Appellant's bill alleged the three sons of Amelia Marx were the owners of the premises as tenants in common, subject to the liens above mentioned, and prayed for partition subject to the incumbrances, and that in case the premises could not be partitioned they be decreed to be sold, and after first paying the costs and charges of the suit the proceeds of the sale be distributed among the parties according to their respective rights and interests; that the share of Walter Z. in the proceeds be charged with the payment of his indebtedness to the bank. The State Bank of Chicago (hereafter called the bank) was made a defendant and filed an answer setting up its liens against the property, which amounted at the time of the decree for partition to $12,-423.14. The commissioners appointed to make partition reported the premises could not be partitioned without man-

ifest prejudice to the parties in interest. A decree was entered ordering the sale of the premises by the master in chancery free from the liens of the bank, and directing the master to hold the money realized from the sale for distribution to the parties entitled thereto under the direction of the court. The master reported he had sold the property to the State Bank of Chicago for $12,500. The report was approved and the case referred to the master to take testimony as to solicitor's fees, other charges and expenses incurred by any of the parties and the proper distribution of the proceeds of the sale. The master reported that the interests of all the parties were correctly set up in the bill for partition; that no good and substantial defense was interposed, and that in his opinion complainant's solicitors were entitled to a fee of $625, which, with the other costs and expenses, made a total of $1051.77. These costs and expenses the master recommended be first paid out of the proceeds of the sale, and that the balance of the proceeds ($11,448.23) be paid the bank on the amount due it, which then, including interest from the date of the partition decree, amounted to $12,728.73. Objections of the bank to the report were overruled by the master and were renewed as exceptions before the chancellor. They were overruled, the master's report approved and a decree for distribution entered in accordance with the master's recommendations. From that decree the State Bank of Chicago prosecuted an appeal to the Appellate Court for the First District. That court reversed the decree and remanded the cause, "with directions to proceed not inconsistent with the views stated in this opinion." The Appellate Court granted a certificate of importance and an appeal to this court.

The Appellate Court opinion is paragraphed into three propositions. Under its first proposition the order for the payment of the costs is treated from the standpoint of an apportionment of the costs "among the parties in interest" under section 40 of the Partition act, and on that basis the

court held the order was unauthorized, because the mortgagee was not one of the "parties in interest" within the meaning of the statute.   Under the second branch of the opinion the court says there was, in fact, no apportionment of the costs; that the effect of the order was to make the mortgagee pay all the costs.   The court holds the costs of partition should not have been deducted from the proceeds of the sale before applying them in payment of the mortgage liens.   Under the third branch of the opinion the Appellate Court holds that even if section 40 of the Partition act applied to a mortgagee so as to authorize or require an apportionment of the costs so that each party should pay his equitable portion, the greater portion of the costs was incurred by and in the interest of the parties seeking partition, and it would be inequitable to require the mortgagee to contribute to the payment of costs made by and in the interest of the parties seeking partition.

When the bill for partition was filed none of the mortgage notes had matured.   The original answer of the bank, which was filed on February 16, 1914, admitted the allegations of the bill that the notes held by it, secured by trust deeds on the land, were valid liens, and asked that in case of sale of the premises the proceeds be charged with the payment of said indebtedness.   In an amended answer filed May 26, 1914, it was averred that default had been made in the payment of the interest on the notes secured by the trust deeds, and because of such default the bank elected to declare the principal sums due according to the terms of the notes and trust deeds.   Without that action of the bank its mortgages would not have been due, and it could not have been compelled to consent to a decree that the property be sold free from the liens and the proceeds of the sale applied to the discharge of the mortgages. The bank, pending the partition suit, prepared to foreclose its mortgages, but upon the suggestion or request of complainant in the partition suit it did not begin its action.

By answering, declaring a forfeiture and proving up the amount due, the bank consented that the property might be sold free from the liens and the proceeds of the sale applied to their payment. There was no controversy between the bank and the owners of the property. It was alleged in the bill, and the master found the allegation was proved, that the $4000 for which the $4300 note and second trust deed were given as collateral security was a personal debt of Walter Z. Marx, and it was asked in the bill and decreed by the court that in the distribution of the proceeds of the sale above what was required to pay the liens, Walter should be charged with the indebtedness secured by the second trust deed. This was a matter in which the bank was not interested. This court has held that under our Partition act a mortgagee of the premises sought to be partitioned is a necessary party to the suit. (*Cheney* v. *Ricks,* 168 Ill. 533; *Loomis* v. *Riley,* 24 id. 307; *Spencer* v. *Wiley,* 149 id. 56.) Those cases are not in conflict with *Miller* v. *Miller,* 263 Ill. 18, and *Clark* v. *Zaleski,* 268 id. 427, relied on by the appellees. The amount due the bank, principal, interest and a solicitor's fee of $250 for proving up the amount due, was $12,728.73. The bank bid the property in at the sale for $12,500. There was therefore nothing from the proceeds of the sale to distribute to the owners of the property.

The circuit court decreed that all the costs ($1051.77) should first be paid out of the proceeds of the sale and the balance applied on the bank's claim. The bank's contention is that none of the costs should be paid out of the proceeds of the sale but that the entire amount the property sold for should be paid to it. In our opinion the case is a proper one for the apportionment of costs under section 40 of the Partition act, so that "each party shall pay his or her equitable portion thereof." The interests of all the parties were properly set up in the bill. There was no

defense interposed to the partition of the premises or issue made as to the bank's claim. If the partition suit had not been instituted the bank would have foreclosed its mortgages, the costs of which would have come out of the amount the property sold for at the foreclosure sale. By answering and proving up the amount due it the bank's liens were ordered paid out of the proceeds of the sale and it was relieved of the necessity of foreclosure. We repeat, the amount due the bank was increased $250 for its solicitor's fee under the terms of the trust deeds and notes. Under these conditions the costs should be apportioned so that at least a part of them should come out of the proceeds of the sale. There is no technical rule governing the exact apportionment of costs in such cases. The subject is one for the exercise of a sound discretion in the application of equitable principles. We have examined the items which make up the total cost of $1051.77, and are of opinion that all of it, with the exception of $625 complainant's solicitor's fee, should be paid out of the proceeds of the sale and the balance applied on the bank's indebtedness. On that basis the bank would not receive payment in full by something over $600, and the deficit should not be further increased by the payment of complainant's solicitor's fee out of the proceeds of the sale.

That a court has authority to apportion the costs we have no doubt, and, believing the apportionment indicated to be just and equitable, the judgment of the Appellate Court will be reversed and the cause remanded to the circuit court, with directions to enter a decree for distribution in accordance with this opinion.

*Reversed and remanded, with directions.*