(No. 25359.—)
JOHN W. WALKER *et al.* Appellees, *vs.* MARIE L. WALKER, Appellant.

*Opinion filed February 21, 1940—Rehearing denied April 3, 1940.*

WEIGHTSTILL WOODS, for appellant.

COBURN & COBURN, (LOUIS T. HERZON, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

John W. Walker, an appellee, brought a suit in the circuit court of Cook county against his wife, Marie L. Walker, appellant, asking partition of certain described real estate, the title of which was in the name of both parties, and for an accounting as to certain personal property. A decree

was entered finding each entitled to an undivided one-half interest and partition was ordered and commissioners appointed. On appeal this decree was affirmed. 369 Ill. 627.

The mandate of this court was filed in the trial court, and, thereafter, on April 24, 1939, the commissioners reported the premises indivisible and appraised the same. On that day appellant filed a petition alleging she had an estate of homestead in the premises and asked the property be sold subject to her homestead rights. On the same date a decree of sale was entered which recited that the question of homestead was reserved until the further order of the court. On May 17, a decree was entered in reference to the accounting feature of the litigation, and on May 27, appellant filed a notice of appeal to this court from the decree of sale of April 24 and the accounting decree of May 17. A *praecipe* for record was filed June 6, and on July 26, appellant presented a short record and obtained an extension of time within which to file a complete transcript of the proceedings. On May 29, the master sold the real estate and thereafter filed a report of sale. On June 14, appellant filed objections to the report of sale urging that the sale was held after she filed the notice of appeal from the decree of sale; that her petition for a homestead was undisposed of at the time of sale, that there were irregularities in the sale which affected the sale price and asked that the report be not approved.

On August 1, a decree was entered overruling appellant's objections, approving the report and directing a deed. The court found that neither appellant nor appellee had abandoned their homestead and directed that all the proceeds, including the $1000 homestead valuation be divided equally. Appellant immediately filed a second notice of appeal from the two decrees entered August 1, one approving the master's report of sale, the other directing division of said securities. The complete transcript, filed September 12, includes not only the proceedings up to the time

of filing the first notice of appeal but also the proceedings entered by the court subsequent thereto, including the decrees of August 1 and the second notice of appeal.

The case is brought direct to this court on the theory a freehold estate is involved. The only points appellant urges in her original brief are in reference to her claim of homestead estate and the accounting feature.

The pleadings which preceded the decree of partition contained no reference to a homestead interest. On the issues then presented a decree was entered finding each of the parties seized of an undivided one-half interest as tenants in common, and partition was ordered. The effect of appellant's contention that she has a homestead estate in the property was to make appellee John W. Walker's one-half interest contribute one-half of the homestead. As between the parties, the decree of partition was a final adjudication of the nature and extent of the interests which the parties held in the premises. After the entry of such decree the only matter remaining was the entry of such orders as were necessary to carry the decree into effect.

Conceding all for appellant's petition that is claimed for it, it should be noted, that it did not allege facts upon which a homestead estate could be based but merely stated, as a conclusion, that petitioner had a homestead interest in the property. There was no prayer that the homestead be set off but asked that the property be sold subject thereto. At the time of the entry of the decree of sale from which the first appeal was taken, the homestead interest was not involved and the decree did not determine any rights therein.

The decree of partition, having settled the rights of the parties as to the nature and extent of their various interests, could not be subjected to a review by appealing from a subsequent order made in carrying the original decree into execution. (*Navigato* v. *Navigato,* 268 Ill. 453; *White* v. *VanPatten,* 280 id. 215.) There is no freehold involved in the notice of appeal from the order of sale.

342

The objections to the report of sale, and the ruling on which furnishes the basis for the second notice of appeal, were confined solely to the question of homestead interest and the rights claimed to have been presented by the petition. Since the petition did not present a question of freehold the objections which were overruled by the decree approving the report of sale likewise failed to raise a question involving a freehold. Therefore, no freehold is involved in this proceeding.

The other question is in reference to the accounting and distribution of the personal property as directed by the decree of August 1, 1939.

This court, being without jurisdiction, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*