John W. Walker et al., Appellees, v. Marie L. Walker, Appellant.

Gen. No. 41,294.

122

filed November 20, 1940.

WEIGHTSTILL WOODS, of Chicago, for appellant; JAMES G. McCONAUGHY, of Chicago, of counsel.

COBURN & COBURN, of Chicago, for appellee John W. Walker; LOUIS T. HERZON, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The appeal in the above entitled cause was brought upon two respective notices of appeal. The first notice of appeal was filed on May 27, 1939, and purports to appeal from an order entered April 24, 1939, directing the sale of real estate involved in the original affirmed decree of partition, the claim of homestead having been reserved in said order until the further order of court, and also from an order entered May 17, 1939, directing the division of certain cash and securities involved in the original affirmed decree of partition and accounting. The second notice of appeal filed on August 1, 1939, purports to appeal from an order entered August 1, 1939, affirming and approving the master's report of sale and distribution, and from a finding in said order that both plaintiff and defendant are entitled to homestead in the real estate, and providing that the $1,000 reserved from the purchase price be divided equally among plaintiff and defendant, and also from a further order entered August 1, 1939, directing the defendant to indorse over a certain beneficial certificate for 10 units in a certain liquidation trust and upon default thereof, that the master in chancery indorse over said beneficial certificate.

On December 16, 1937, a final decree of partition and accounting was duly entered in this action by the circuit court of Cook county, and on appeal by the de-

fendant, the decree was affirmed by the Supreme Court of Illinois in *Walker v. Walker*, 369 Ill. 627.

These notices of appeal were taken directly to the Supreme Court for the reason that a freehold estate of homestead and title to real estate was claimed to have been involved. The Supreme Court, in discussing the questions involved, filed an opinion on the 21st day of February, 1940 (*Walker v. Walker*, 373 Ill. 339), and, upon the question as to the jurisdiction of the court to consider the appeal of the defendant, Marie L. Walker, recited the following facts:

"John W. Walker, an appellee, brought a suit in the circuit court of Cook county against his wife, Marie L. Walker, appellant, asking partition of certain described real estate, the title of which was in the name of both parties, and for an accounting as to certain personal property. A decree was entered finding each entitled to an undivided one-half interest and partition was ordered and commissioners appointed. On appeal this decree was affirmed. 369 Ill. 627.

"The mandate of this court was filed in the trial court, and, thereafter, on April 24, 1939, the commissioners reported the premises indivisible and appraised the same. On that day appellant filed a petition alleging she had an estate of homestead in the premises and asked the property be sold subject to her homestead rights. On the same date a decree of sale was entered which recited that the question of homestead was reserved until the further order of the court. On May 17, a decree was entered in reference to the accounting feature of the litigation, and on May 27, appellant filed a notice of appeal to this court from the decree of sale of April 24 and the accounting decree of May 17. A *praecipe* for record was filed June 6 and on July 26, appellant presented a short record and obtained an extension of time within which to file a complete transcript of the proceedings. On May 29, the master sold the real estate and thereafter filed a report of sale. On June 14, appellant filed objections

to the report of sale urging that the sale was held after she filed the notice of appeal from the decree of sale; that her petition for a homestead was undisposed of at the time of sale, that there were irregularities in the sale which affected the sale price and asked that the report be not approved.

"On August 1, a decree was entered overruling appellant's objections, approving the report and directing a deed. The court found that neither appellant nor appellee had abandoned their homestead and directed that all the proceeds, including the $1,000 homestead valuation be divided equally. Appellant immediately filed a second notice of appeal from the two decrees entered August 1, one approving the master's report of sale, the other directing division of said securities. The complete transcript, filed September 12, includes not only the proceedings up to the time of filing the first notice of appeal but also the proceedings entered by the court subsequent thereto, including the decrees of August 1 and the second notice of appeal.

"The case is brought direct to this court [Supreme Court] on the theory a freehold estate is involved. The only points appellant urges in her original brief are in reference to her claim of homestead estate and the accounting feature."

From a consideration of the remainder of the opinion, the Supreme Court reached the conclusion that since the petition did not present a question of freehold, the objections, which were overruled by the decree approving the report of sale, likewise failed to raise a question involving a freehold, and that, therefore, no freehold is involved in this proceeding; and further that the other question involved in this proceeding is with reference to the accounting and distribution of the personal property as directed by the decree of August 1, 1939. Therefore, the Supreme Court, being without jurisdiction, transferred the cause to this court.

The first question that is to be considered is the motion to dismiss filed by appellee, which was reserved to the hearing. The appellee calls attention to the opinion of the Supreme Court in the case of *Walker v. Walker,* 369 Ill. 627, where the court said:

"From a consideration of the entire record we are of the opinion that the chancellor was correct in holding appellant and appellee were joint tenants and in ordering an equal division of the property." Appellee further calls attention to paragraph 25 of the decree, which finds:

"That from the findings of fact and under the law, the court concludes and finds that the plaintiff, John W. Walker, and the defendant, Marie L. Walker, are each entitled . . . to an equal division and partition of the said real estate and securities."

Thereafter, on a further appeal to the Supreme Court, the court said in the case of *Walker v. Walker,* 373 Ill. 339:

"The decree of partition, having settled the rights of the parties as to the nature and extent of their various interests, could not be subjected to a review by appealing from a subsequent order made in carrying the original decree into execution. (*Navigato v. Navigato,* 268 Ill. 453; *White v. VanPatten,* 280 id. 215). There is no freehold involved in the notice of appeal from the order of sale. . . .

"The other question is in reference to the accounting and distribution of the personal property as directed by the decree of August 1, 1939." Therefore, it is suggested by the plaintiff that the pending appeal in this court relates only to the accounting feature of the personal property and securities involved, and should be determined and adjudicated by the finding and ruling of the Supreme Court with respect to the real estate, namely that the final decree as affirmed by the Supreme Court on October 17, 1938, "settled the rights of the parties as to the nature and extent of their

various interests'' in the personal property involved in the instant appeal.

We are of the opinion that the pending appeal relates only to the accounting feature of the personal property and securities involved. While the final decree as affirmed by the Supreme Court on October 17, 1938, settled the rights of the parties as to the nature and extent of their various interests in the property involved in this appeal, still the question remained as to questions which might and did arise between the parties over the division of the personal property and accounting to be had pursuant to the decree. Therefore, the motion to dismiss is denied.

It is well to consider the questions that were passed upon by the Supreme Court in the two appeals that were passed upon by that court. In the first appeal, entitled *Walker v. Walker,* 369 Ill. 627, the court held in that case that where one claims to be sole owner of securities purchased by his wife and taken in their joint names, the allegation of sole ownership does not preclude a decree providing for a division of the securities, the defendant in her counter-claim alleging she is the sole owner, as the question of ownership of the property is clearly put in issue, and the chancellor is warranted in adjudicating the rights of the parties in the property. And further the court held that when property is taken in the joint names of husband and wife and the consideration is furnished by one of them, there is a presumption of a gift from the one furnishing the consideration, clear and convincing evidence being required to overcome the presumption and establish a resulting trust, and where each party furnishes some of the consideration, one giving more than the other, the presumption is strengthened. And finally, it was held by the court that where property is taken jointly in the names of husband and wife after their marriage, the conduct of the parties

may be considered in determining their intention and although it may be conceded that the wife furnished most of the consideration it may be held that the property was intended to be jointly owned where the circumstances in evidence warrant such conclusion. And lastly, in that appeal, the court said:

" . . . Attorney Edwards (a witness) explained the meaning of joint tenancy at the time the real estate was conveyed to the parties, and she (the defendant) said she was satisfied and still wanted it done that way. When, knowing the meaning of joint tenancy, she took the deed and continued to purchase securities in their joint names without placing a restricted meaning on the term, she cannot now be heard to say she did not intend to create a joint tenancy.

"From a consideration of the entire record we are of the opinion that the chancellor was correct in holding appellant and appellee were joint tenants and in ordering an equal division of the property."

Subsequently, on a further consideration of the case by the Supreme Court on a second appeal, *Walker v. Walker*, 373 Ill. 339, the court said:

"The decree of partition, having settled the rights of the parties as to the nature and extent of their various interests, could not be subjected to a review by appealing from a subsequent order made in carrying the original decree into execution. (*Navigato v. Navigato*, 268 Ill. 453; *White v. VanPatten*, 280 id. 215.) There is no freehold involved in the notice of appeal from the order of sale.

"The objections to the report of sale, and the ruling on which furnishes the basis for the second notice of appeal, were confined solely to the question of homestead interest and the rights claimed to have been presented by the petition. Since the petition did not present a question of freehold the objections which were overruled by the decree approving the report

of sale likewise failed to raise a question involving a freehold. Therefore, no freehold is involved in this proceeding.

"The other question is in reference to the accounting and distribution of the personal property as directed by the decree of August 1, 1939.

"This court, being without jurisdiction, the cause is transferred to the Appellate Court of the First District."

It is upon the question of the distribution of the personal property as directed by the decree of August 1, 1939, that this court will now consider. On December 16, 1937, a final decree of partition and accounting was entered and on appeal by the defendant, the decree was duly affirmed by the Supreme Court in *Walker v. Walker,* 369 Ill. 627, to which we have referred in this opinion. The provisions in that decree, which are material and relevant to the issues herein involved are as follows:

A. "That from the findings of fact and under the law, the court concludes and finds that the plaintiff, John W. Walker, and the defendant, Marie L. Walker, are each entitled to one-half interest in the real estate and securities mentioned and described in this Decree and accordingly are entitled to an equal division and partition of the said real estate and securities."

B. "That the defendant, Marie L. Walker, forthwith account and pay unto John W. Walker, Plaintiff, the sum of $1,074.50, representing the amount equitably due plaintiff as his one-half share of the rentals, interests and other monies heretofore collected and retained by the defendant."

C. "That the defendant be and herein is ordered and required to account to plaintiff for any and all other monies, interests and rentals by her collected and retained in excess of the amount accounted and stated in the decree and that an amount equal to one-half of such excess be paid to plaintiff within twenty

days after the entry of the Decree." Then the decree specifies the specific securities involved and directs that the same be sold at public or private sale and the proceeds divided among plaintiff and defendant, share and share alike; and, as to the division and partition of the real estate, commissioners were appointed to make partition if same could be divided without manifest prejudice to the parties in interest, and if same could not be so divided, then to appraise the value of the property and make their report to the court. Upon the filing in the circuit court of the mandate of the Supreme Court, affirming the decree of partition and accounting, the chancellor referred this cause to a master in chancery to take a further account of all excess income from rental, moneys and interests collected by the defendant after October, 1937, and otherwise, to carry into force and effect the provisions of the decree.

The defendant having filed her petition for homestead, and the appointed commissioners having made due report that said premises were not susceptible of division and were accordingly appraised at $5,500, a decree for the sale of the premises pursuant to the decree of partition was entered and provided "that the question of homestead, if any, be hereby and herein reserved until the further order of the court." Pursuant to the decree of sale, the premises were struck off and sold for the sum of $3,750, being in excess of two-thirds of the appraised valuation. No question of fraud has been raised by defendant. The master deducted and retained the sum of $1,000 from the proceeds of sale pending the question of homestead. Plaintiff, in his answer to defendant's petition for homestead, denied under oath that he abandoned the premises including his homestead therein and averred that he was compelled to separate from the defendant because of ill-treatment and his fear for the safety of his life, and that he left the greater part of his per-

sonal apparel and all of his furniture and furnishings in the premises with the intention to return; and that immediately after the alleged date of separation, he filed his action against the defendant for partition and accounting.

On August 1, 1939, the chancellor affirmed and approved the report of sale and further found that plaintiff at no time abandoned the premises and that both parties were equally entitled to homestead and that the $1,000 retained by the master be divided equally between plaintiff and defendant.

On May 17, 1939, the master's revised report of the division and distribution of the cash and securities specified in the decree, was duly approved and confirmed by the court. In this report, the master overruled defendant's claims for "management services," "support money" and "family expenses" by way of set-offs or counter-claims; reported an accounting for all additional income from the real estate since October, 1937; found that the cash and securities were susceptible of a fair and equitable division among the parties with the exception of item 6, being a certificate of beneficial interest for 10 units in the joint names of plaintiff and defendant, which beneficial interest certificate is in property located at 1255-57 N. Central avenue, Chicago, Illinois, and the amount appearing in the exhibit is $30. In pursuance to the decree the master divided the securities among the parties and taxed costs against both plaintiff and defendant, equally, as ordered and provided by the decree. The defendant refusing to indorse item 6 for its conversion into 2 beneficial certificates of 5 units each, the chancellor ordered the master to so indorse said certificate in the event the defendant failed or refused to do so, within 7 days thereafter.

In a further discussion of the division and distribution of the cash and securities specified in the decree which was approved and confirmed by the court, the

defendant complains, first, that the master in chancery and the court should have allowed to defendant support money in the amount of $1,080 due to her from plaintiff up to the accounting date, May 1, 1939, which item is in the following words:

"Support money due to Marie L. Walker from her husband John Walker who deserted her about May 1, 1937, (measured by. one-half of pension at rate of $90 per month which John W. Walker has received during said period of desertion) . . . $1,080." This item was refused by the master and his action approved by the court.

The next item that the defendant suggests that she should have been allowed is a claim of $4,600 for family expenses claimed to have been advanced by her, which item is in these words:

"To family expenses at the rate of one hundred dollars per month supplied by Marie L. Walker from income received by her from her Kirkland Avenue property, and other sources, and expended by her from June, 1933 to April, 1937, a period of forty-six months, during which John W. Walker was not employed and was not in receipt of any income, and never made any provision for the family expenses . . . $4,600.00." This item was also disallowed by the master and the court approved the master's report, in the refusal of this item.

A further item which defendant contends should have been allowed to her is the sum of $11,650 for management services rendered by her for the benefit of all property herein involved, which claim as filed with the master is in these words:

"To compensation for management services rendered by Marie L. Walker, (who had exclusive charge, management and control of all real estate, and all said property before delivery of securities and moneys to Suburban Trust and Savings Bank,) from August 1, 1919, to January 6, 1938, a period of 233 months, said

services being reasonably worth, a rate of $100 per month; to one-half thereof; $11,650,'' which item was likewise disallowed.

It does not appear from the record that at any time during the course of this litigation, which has been on appeal twice, were the items such as we have detailed ever claimed; nor is there anything in the record to indicate that the defendant was entitled to these various items because of any agreement between the parties. Her theory in this litigation was that she was the sole owner of both real and personal property that was accumulated and paid for by the moneys of the plaintiff and in part by the defendant, and the only time that the claims for compensation were made was after the court had passed upon the questions involved in the litigation and after the matter was remanded to the trial court by the Supreme Court upon the accounting feature of the income from the real estate as well as the division of the personal property. The plaintiff states that these purported claims were at no time alleged in the original pleadings by way of counter-claim or set-off, nor were they supported by any proof or evidence in the original record of proceedings, nor were such claims included in the final decree of partition and accounting; and further points to the fact that the decree of partition is a final determination of the respective rights and interest of the parties in and to the subject matter specified in the decree to the period therein fixed, namely, October, 1937. As we have already indicated, upon a re-reference to enforce the terms and provisions of a final decree, new claims by way of set-off or counter-claim are properly disallowed. In the instant case, a re-reference to the master was had and taken pursuant to the decree, for the sole purpose of taking an account of the rentals from the property, collected and retained by the defendant after October, 1937, and to otherwise carry into force the terms and provisions of

the decree, and it is well said, that to receive evidence upon any one or all of these purported claims on such re-reference, or to allow any one or all of these alleged claims, would in effect open up a final decree. So that upon consideration of the question, we are of the opinion that the court was fully justified in sustaining the master's report and affirming the disallowance of the claims which are now the subject of controversy between the parties.

On the question as to the provision made in the decree for the division of the homestead between the plaintiff and defendant, the Supreme Court in *Walker v. Walker*, 373 Ill. 339, in considering the objections which were made to the report of sale, found that the objections to the report of sale, and the ruling on which furnishes the basis for the second notice of appeal, were confined solely to the question of homestead interest and the rights claimed to have been presented by the petition, and that, since the petition did not present a question of freehold the objections which were overruled by the decree approving the report of sale likewise failed to raise a question involving a freehold. Further, the court in that opinion said:

"The pleadings which preceded the decree of partition contained no reference to a homestead interest. On the issues then presented a decree was entered finding each of the parties seized of an undivided one-half interest as tenants in common, and partition was ordered. The effect of appellant's contention that she has a homestead estate in the property was to make appellee John W. Walker's one-half interest contribute one-half of the homestead. As between the parties, the decree of partition was a final adjudication of the nature and extent of the interests which the parties held in the premises. After the entry of such decree the only matter remaining was the entry of such orders as were necessary to carry the decree into effect."

On the question of the division of homestead, the case of *Hertz v. Buchmann,* 177 Ill. 553, has been called to our attention, which involved an action of partition of certain premises between the daughters and heirs of the deceased as owners of an undivided one-half interest in the premises, and the surviving widow of deceased, who owned in fee simple the remaining undivided one-half interest in the premises, where the court said: "It has been held, that there can be a homestead in an undivided interest in land, or in other words, that an estate in co-tenancy will support a right of homestead in one of the co-tenants. But this doctrine is never enforced to the prejudice of the just rights of the co-tenants. The exclusive possession of one co-tenant, claiming homestead, is rightful as against the claims of the creditors, but cannot be set up as against the demand of the other co-tenant to be let into joint possession. A co-tenant claiming a homestead right, not having an exclusive right as against the other co-tenant, can be compelled by the latter to make partition. If the property is capable of fair partition, so as to preserve the homestead and protect the co-tenant, the rights of both parties can be easily adjudged. But if the premises are not capable of partition, a court of equity has the power to order a sale for the purpose of a division of the proceeds of such sale. (*Brokaw v. Ogle,* 170 Ill. 115)." The question of homestead was a right as between plaintiff and defendant, and upon a partition of the property in question, which involves homestead, the court in decreeing a sale of the property could retain jurisdiction of the amount of $1,000 for the purpose of passing upon the division of same. Under the circumstances, we are of the opinion that the court was justified in dividing the homestead equally between the plaintiff and defendant, and there is no error that would justify our reversing this order—not alone from what the Supreme Court stated, to which we have alluded, but

for the other reasons herein stated, and more especially on the language of *Hertz v. Buchmann, supra,* as follows: "If the property is capable of fair partition, so as to preserve the homestead and protect the co-tenant, the rights of both parties can be easily adjudged. But if the premises are not capable of partition, a court of equity has the power to order a sale for the purpose of a division of the proceeds of such sale. (*Brokaw v. Ogle,* 170 Ill. 115; *Clements v. Lacy,* 51 Tex. 150; *Kaser v. Haas,* 27 Minn. 406; *McGrath v. Sinclair,* 55 Miss. 89). We are, therefore, of the opinion that the defendants in error were not precluded from exercising their right to a partition of the premises by the existence of any homestead interest in the plaintiff in error."

There is also a question called to our attention by the defendant that the partition statute requires that the plaintiff shall pay all costs because the master and the court found that the rights and interests of plaintiff were not properly set forth by the amended complaint, and that appellant made a substantial defense to said complaint. Defendant urges that the provision of the statute that the court may apportion the costs does not apply to the partition statute, ch. 106, sec. 40, Ill. Rev. Stat. 1939, State Bar Ass'n Ed. [Jones Ill. Stats. Ann. 109.489], which is as follows:

"In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the suit, including the necessary expense of procuring such evidence of title to the real estate as is usual and customary for making sales of real estate, and a reasonable solicitor's fee for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said complaint. In such case the party or parties

making such substantial defense shall recover their costs against the plaintiff according to equity."

In answer to defendant's contention plaintiff cites the case of *Marx v. State Bank of Chicago,* 294 Ill. 568, being an action of partition, wherein the question of costs was put in issue, where the court said:

"That a court has authority to apportion the costs we have no doubt, and, believing the apportionment indicated to be just and equitable, the judgment of the Appellate Court will be reversed and the cause remanded to the circuit court, with directions to enter a decree for distribution in accordance with this opinion." The statute, above quoted, itself provides for the recovery of costs "according to equity." As we view the facts in this matter, the court was fully justified in entering the order apportioning the costs between the parties.

Taking into consideration all the questions which have been called to our attention, the court did not err in entering the decree of sale, entered April 24, 1939, together with the order confirming and approving the master's report of sale and distribution entered August 1, 1939. For the reasons stated in the opinion, the decree of sale and order confirming and approving the master's report of sale and distribution are affirmed.

*Affirmed.*

DENIS E. SULLIVAN and BURKE, JJ., concur.