SUSAN A. TURNER

*v.*

WILLIAM H. BENNETT.

</div>

1. HOMESTEAD EXEMPTION—*not allowed as against title by descent.* The original Homestead Act of 1851 exempted the homestead merely from levy and forced sale under legal process, for debts, and this court has held that the amendatory act of 1857 extended the original act to embrace cases of *voluntary* alienations by the husband, but the act, as amended, does not

apply to the case of the descent of property. On the husband's death, his real estate descends to his heirs equally, the same as if the acts referred to had never been passed.

2. SAME—*not allowed to defeat sale on partition.* A sale of the homestead, when necessary, in a suit for partition by the heirs, or a grantee of one of the heirs, is not an alienation within the meaning of any homestead exemption law prior to that of 1872, and the widow or minor heirs occupying the same can not withhold possession from the purchaser.

3. PARTITION—*claim for repairs.* Where, in making partition of land and assigning dower, the widow had set off to her, as her dower, that portion upon which she had made the principal improvements, and it appears that the use of the whole premises had amply compensated her for the repairs made by her on the remaining portion, there will be no error in not decreeing compensation to her for her improvements and repairs.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

. This was a petition for partition, filed by William H. Bennett against Susan A. Turner, Amos W. Simpson, Mary F. Simpson and William E. Ellis. The petitioner acquired his title by a conveyance from Algernon B. Ellis, one of the heirs of Emmitt Ellis, deceased. It appeared that Emmitt Ellis died seized of the premises sought to be divided, leaving the said Susan A., his widow, and the said Algernon B. Ellis, Mary F. and William E. Ellis, his children and only heirs at law. The other facts of the case are stated in the opinion.

Messrs. KILGOUR & MANAHAN, for the appellant.

Messrs. SACKETT & BENNETT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition for the partition of and assignment of dower in certain premises which Emmitt Ellis died seized of, filed by the grantee of one of the children of said Ellis, against his widow and two other children. There was a decree of partition and for assignment of dower. The dower was assigned, it embracing one of two dwelling houses which were situated on the premises, and the commissioners making

report that the residue of the premises was not susceptible of division, an order of sale thereof was made, and the same was sold to Bennett, the petitioner, for $2415. On his subsequent application for a writ of assistance, to obtain possession of the portion of the premises purchased by him, the widow, in resistance, set up a homestead right therein. The court ordered a writ of assistance to issue, to which the defendants excepted, and thereupon appealed.

The main question presented by the record is, whether there is here a homestead right.

This depends upon the true construction of the original Homestead Act of 1851, Laws of 1851, p. 25, and the amendatory act of 1857, laws of that year, p. 119.

The first section of the original Homestead Act, which creates the homestead exemption, is as follows: "In addition to the property now exempt by law from sale under execution, there shall be exempt from levy and forced sale, under any process or order from any court of law or equity in this State, for debts contracted from and after the 4th day of July, A. D. 1851, the lot of ground and the buildings thereon occupied as a residence and owned by the debtor, being a householder, and having a family, to the value of $1000. Such exemption shall continue after the death of such householder, for the benefit of the widow and family, some or one of them continuing to occupy such homestead, until the youngest child shall become 21 years of age, and until the death of such widow, and no release or waiver of such exemption shall be valid, unless the same shall be in writing, subscribed by such householder, and acknowledged in the same manner as conveyances of real estate are, by law, required to be acknowledged.".

The amendatory act of 1857 is, "That the first section of 'An act to exempt homesteads from sale on execution,' approved February 11, 1851, be amended by inserting after the words 'subscribed by such householder,' the words 'and his wife, if he have one,' it being the object of this act to require,

in all cases, the signature and acknowledgment of the wife as conditions to the alienation of the homestead."

It is clear, that the original Homestead Act was only an additional exemption law of property from sale under execution, providing for the exemption of the homestead merely from levy and forced sale under any process of a court, for debts. The amendatory act of 1857 seems to purport to amend the original act in but one particular, the waiver of such exemption from forced sale under legal process, for debt, requiring such waiver to be signed and acknowledged by the wife as well as by the husband, and it was a question, whether that was not the whole scope of the amendatory act, to alter the original act in that single particular. But this court held the construction to be that, by virtue of the concluding words, "it being the object of this act to require, in all cases, the signature and acknowledgment of the wife as conditions to the alienation of the homestead," the act extended to embrace cases of *voluntary* alienation by the husband, and that it was not limited to cases of involuntary alienation under legal process, for payment of debts, as contemplated and provided against by the original act.

Under the homestead acts, as construed by this court, there is a homestead exemption as against the *creditors* of the homestead debtor, and as against his *alienee*. The attempt here is, to extend the homestead exemption yet further, and make it apply to a case of descent of property by the death of the householder intestate, and to set up a homestead right as against the children of the intestate. The claim is, that the widow shall not only be endowed of the third part of all the lands whereof her husband was seized; have a large amount of specific property, and one-third of all the personal property, after the payment of debts, as her own forever, but that, in addition thereto, she shall hold, as against the children of her husband, a homestead right to the value of $1000. The effect would be to enlarge the right of dower, to take from

the heirs and give to the widow, as well, also, as to discrim-
inate between the children in favor of the minors.

No such purpose to change the law of descent or of dower
is manifested by the homestead acts. The exemption which,
by the original act, is to continue after the death of the house-
holder, for the benefit of the widow and family, is not an
absolute exemption, but "such exemption," that is, the exemp-
tion previously stated, which is one from levy and forced sale
under legal process, for debts.

The term "alienation," used in the amendatory act, can
not, in any proper sense, apply to the case of the descent of
lands to heirs under the law of descent. It must mean a
transfer or conveyance, such an one as the signature and
acknowledgment of a party are proper to effect, as the law
requires those acts as conditions to the alienation of the home-
stead. If the homestead exemption applies to the case of
the descent of property, then it may be released in the mode
provided by the statute, as the act contemplates that it may
be released. But it would be preposterous to suppose the
legislature intended any such thing, as that the "signature
and acknowledgment of the wife" should apply to the case
of the operation of the law of descent.

We are of opinion that, when the husband dies intestate,
without any debts for the payment of which the homestead
is exempt, without any alienation by him, his real estate
descends to his children, equally, and must be divided accord-
ing to the laws of dower and descent, between the widow and
heirs, precisely the same as if the Homestead Law of 1851,
amended by the law of 1857, had no existence on the statute
book.

The proceeding in partition is for the division of the prop-
erty among its owners, in order that each may have the full
enjoyment of his own, and if a sale becomes necessary, be-
cause the property can not be divided, it is but a necessary
incident in the proceeding, in order to effectuate such divi-
sion. It is not a forced sale for the payment of debts. The

partition of the estate is not an alienation of the homestead, within the meaning of the homestead acts.

The Homestead Exemption Act of 1872 does exempt the homestead from the laws of conveyance, descent and devise, but this suit was commenced before the enactment of that law, and is not affected by it.

A minor point is made, that the widow was not allowed compensation which she claimed for improvements made upon the premises. The commissioners, in assigning dower, assigned to her that portion of the premises upon which the greater part of the improvements which she claims compensation for, are situated, and upon which those which permanently enhance the value of the estate, stand. The others consist of repairs made, and we think full compensation has been received by the use of the entire estate for upwards of eight years, from the rent of a portion of which she has derived quite a large amount of rent. We do not find, from the evidence, that the court committed any error in this respect.

The decree will be affirmed.

*Decree affirmed.*