JOHN K. ROCK *et al.*

*v.*

JOHN J. HAAS.

*Filed at Ottawa May 19, 1884.*

1. HOMESTEAD—*requisites to create the estate.* Under the statute, to create an estate of homestead three things must concur: First, the person must be a householder; second, he or she must have a family; and third, the property must be occupied as a residence. If either of these requisites is wanting, the law will not create the estate.

2. SAME—*who is a householder.* Under the statute relating to homesteads, a person owning a dwelling house that is capable of being occupied as such, is a householder.

3. SAME—*what constitutes a family.* Under the Homestead act a family is a collection of persons living together,—hence one person can not constitute a family. Nor can a person and his or her children, permanently separated, constitute a family. A person never having been married, and having no family, or a man or woman having once been married but having no family, can not claim an estate of homestead.

4. Where a widow having children in another State, comes to this State leaving them in other homes, with no purpose of bringing them with her, they can not be said to constitute a family, with her at its head.

5. To create the estate of homestead by reason of being husband and wife, the relation must be legal, and not pretended. The fact that a man and woman may have lived together upon her premises before their marriage, and they marry after a judgment against her becomes a lien upon the same, will not render the property exempt from sale under the judgment.

6. JUDICIAL SALE—*failure to make demand of payment before levy and sale under execution—effect thereof.* While it is the duty of a sheriff holding an execution against a party, to make a demand of payment before he levies the same,—and he may be liable for damages for neglecting this duty, —such omission will not affect the title acquired under such levy and sale. At most, it is only such an irregularity as to afford ground for a motion to set the sale aside, and it is waived by acquiescing in the sale.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. Smith & Burgett, for the appellants:

A party failing to avail himself of the remedy to set aside a wrongful sale of his property, should not be permitted, after the time of redemption expires, to set it aside, unless he can show a strong case of fraud, wrong or oppression. *Dobbins* v. *Wilson,* 107 Ill. 17.

As to what is an unreasonable delay in moving to set aside a sale, see *Winchell* v. *Edwards,* 57 Ill. 41; *Noyes* v. *True,* 23 id. 503.

Facts to excuse the delay should have been alleged in the bill. *Piatt* v. *Vattier,* 9 Pet. 405; *Johnson* v. *Johnson,* 5 Ala. 90; *Badger* v. *Badger,* 2 Wall. 95.

Annie Pierce was not a "householder having a family," within the meaning of the statute. A "householder" is not simply a house-keeper, but also a master or chief of a family, —one who keeps house with his family. *Aaron* v. *The State,* 37 Ala. 106; *Griffin* v. *Sutherland,* 14 Barb. 456; *Gunn* v. *Gudehus,* 15 B. Mon. 447.

A woman who keeps a house of ill-fame is not a householder, within the meaning of the statute. *Bowman* v. *Quackenboss,* 3 Code Rep. (N. Y.) 17.

The family must reside in this State, to give rise to the exemption. *Allen* v. *Menasse,* 4 Ala. 554; *Boykin* v. *Edwards,* 21 id. 261; *Kieffen* v. *Berney,* 31 id. 192; *Meyers* v. *Claus,* 15 Texas, 516; *Alston* v. *Ulman,* 39 id. 157; *Jordan* v. *Godman,* 19 id. 275; *Casey* v. *Tice,* 6 Cal. 625; *Benedict* v. *Bunnell,* 7 id. 245; *Dye* v. *Mann,* 10 Mich. 291; *McKee* v. *Wilcox,* 11 id. 358.

A mere intention to occupy, carried into effect after a lien attaches, creates no exemption. *Solary* v. *Howlett,* 18 Fla. 756; *Oliver* v. *Snowden,* 17 id. 823; *Grosholz* v. *Newman,* 21 Wall. 481; *Faut* v. *Talbot,* 15 Ky. 712; *Charless* v. *Lamberson,* 1 Iowa, 435; *Cole* v. *Gill,* 14 id. 527; *Christy* v. *Dyer,* id. 438; *Elston* v. *Robinson,* 23 id. 208; *Cooledge* v. *Wells,*

20 Mich. 79 ; *Wisner* v. *Farnam,* 2 id. 472 ; *Holden* v. *Pinney,* 6 Cal. 235 ; *Brown* v. *Martin,* 4 Bush, (Ky.) 47 ; *Hansford* v. *Holdam,* 14 id. 210 ; *True* v. *Morrill,* 28 Vt. 672 ; *Lee* v. *Miller,* 11 Allen, 37 ; *Williams* v. *Darris,* 31 Ark. 466.

Mr. ELI B. FELSENTHAL, for the appellee :

The law exempts the homestead, and the debtor is required to do no act to avail of its protection. Hence the rules as to *laches* in other cases do not apply. *Hubbell* v. *Canady,* 58 Ill. 425 ; *Pardee* v. *Lindley,* 31 id. 186.

In the following cases judicial sales of the homestead were set aside because the provisions of the Homestead act were not complied with : *Green* v. *Marks,* 25 Ill. 221 ; *Hume* v. *Gossett,* 43 id. 297 ; *Conklin* v. *Foster,* 57 id. 154 ; *Hubbell* v. *Canady,* 58 id. 425 ; *Stephenson* v. *Marony,* 29 id. 532 ; *Haworth* v. *Travis,* 67 id. 301 ; *Hoskins* v. *Litchfield,* 31 id. 137 ; *Mooers* v. *Dixon,* 35 id. 208 ; *Cummings* v. *Burleson,* 78 id. 282 ; *Muller* v. *Inderreiden,* 79 id. 382 ; *Moore* v. *Tit-* *man,* 33 id. 560.

The statutes of Alabama and Texas give the exemption only to families in the State, and hence the authorities cited have no application.

The statute should receive a liberal construction. (*Deere* v. *Chapman,* 25 Ill. 498.) The statute only requires occupancy by the householder,—not by the family. A widow without children is entitled to the homestead rights of her husband. *White* v. *Plummer,* 96 Ill. 394.

Actual residence by the head of the family prior to the creation of the lien or alienation, with the intention of taking the premises for use as a house for the party's family, is sufficient to create the exemption. Thompson on Homesteads, sec. 260.

Minors being, in general, incapable of changing their domicile, retain that of their parents. Story on Conflict of Laws, sec. 46, p. 56.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by Haas, against Rock and others, to set aside a sheriff's deed and two tax deeds for a lot in the city of Chicago. The lot belonged to Annie Pierce, in 1878, but was incumbered to the amount of $600, by two trust deeds to Knaus. In January, 1878, Rock recovered judgment against her in the Superior Court. A writ of execution was issued upon the judgment, to the sheriff of Cook county, who levied on the premises, and in pursuance of the levy, sold them at public sale on the 25th of February, 1878, to Rock, and gave him a certificate of purchase; and no redemption having been made, the sheriff executed a deed to Rock for the premises, and it was recorded. It appears that after the sale Annie Pierce intermarried with one Jungbluth; that Rock sued them, before a justice of the peace, in an action of forcible detainer, after he received his sheriff's deed, and recovered judgment. A writ of possession was issued, and Rock was put in possession of the premises in March, 1880. In the month of June, 1880, Rock borrowed of appellant Burgett $435, for which he gave his promissory note, payable in three years, and to secure its payment he executed a trust deed to J. M. H. Burgett, as trustee, which deed was duly recorded. A tax deed was made to John N. Young, for the premises, in May, 1880, and he released to Rock. A second tax deed was made to Young on the 26th of October, 1881, and in April, 1883, Young also conveyed this title to Rock. Annie Pierce, in March, 1880, executed a deed for the premises to appellee, Haas, and he seeks to recover the premises, because, as he claims, the sheriff's sale and the tax deeds are void, and that Rock having no title, Burgett acquired no lien on the property by the trust deed to secure the loan by him to Rock. A hearing was had in the circuit court of Cook county, and the relief prayed was granted, and the deeds vacated and set aside. Defendants

sought a reversal in the Appellate Court for the First District, but the decree was affirmed, and they appeal to this court.

The ground relied on and urged in the bill is, that at the time of the recovery of the judgment by Rock against Annie Pierce, and of the levy and sale, she was a householder having a family, and she was the head of the same, and residing on the premises as a homestead, and that there was no demand by the sheriff for payment of the execution, and that the sale was made by him without division or appraisement by commissioners, in conformity to the requirements of the Homestead statute. As to the tax deed of 1881, the ground relied on in the bill is, that the notice of sale, and date of expiration of the time of redemption, was not served on Annie Pierce, in whose name the premises were listed and taxed, nor on Knaus, the trustee for Haas, and that the taxes for the year 1876 were paid. These are the grounds for the relief sought, but they are denied by appellants. These are the contested questions in the case.

The statute in relation to exemptions will not bear the construction that a person can acquire and hold a homestead title without having a family. The first section provides: "Every householder having a family shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land, and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence." And the same is exempted from attachment, judgment, levy, or execution sale, for the payment of his debts, or other purposes. The second section provides: "Such exemption shall continue, after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age." These are the material provisions of the statute which confer and regulate the right of homestead.

Under the statute, to create the estate of homestead the householder must. have a family, and must hold the designated title to the land, and it must be occupied by him or her as a residence.   By the language of the statute three things must concur in the creation of a homestead estate:  First, the person must be a householder;  second, he must have a family;  and third, the premises must be occupied as a residence.   If either of these requisites is wanting, the law will not create the estate of homestead.   A person owning a dwelling house that is capable of being occupied for that purpose, is, in the sense of the statute, a householder.   But he or she, under the statute, must have a family.   Then, what is a family?   It is, in its popular sense, defined by lexicographers to be a collection of persons living together,—hence, one person can not constitute a family.   Nor can a person and his or her children, permanently separated, constitute a family. A residence together is essential to constitute a family.   And a family of the owner or householder is indispensable to the creation of the estate of homestead.   A person never having been married, and having no family, can not claim such an estate.   Nor can a man or a woman, having once been married, and surviving the husband or wife, and having no children, and acquiring title to such property after the death of the husband or wife, claim an estate of homestead therein, any more than can a person who was never married.   Here, Annie Pierce had been married, and lived in Pennsylvania until after the death of her husband.   After that she came to this State, leaving her three children in Pennsylvania, with relatives, to be supported.   They have never been in this State, nor does it appear that she has ever, at any time since coming to this State, contributed anything to the support of her children, nor does it appear she has any fixed purpose of bringing them here to organize a family.   It has been many years since she left them in Pennsylvania,—we infer, sixteen or eighteen years before the trial.   She says, at

that time the youngest was nineteen years old. It is not a reasonable inference to conclude that she ever had any fixed purpose to bring them to this State, nor does she say she ever had, but she hoped to do so when she got fixed to keep them. It is therefore incorrect to say they ever constituted a family, with her at its head. Had they constituted a family, living on the property, before the recovery, and they had only been temporarily absent, it would have been otherwise. Nor did she, so far as the evidence shows, ever contribute anything to their care or support after coming to this State. Nor did she marry Jungbluth until after the judgment was recovered and became a lien on the property. Although they may have lived on it, they were not married until afterward. To create the title of homestead by reason of being husband and wife, the relation must be legal, and not pretended. The marriage can not relate back so as to create the estate of homestead as against a prior judgment. The statute will bear no such construction. The estate never having been created and never attached to this land, it is unnecessary to construe the second section. There never having been a homestead estate, the question can not arise whether such an estate will continue in favor of the surviving husband or wife having no family, or whether a family living with the householder is indispensable to support such an estate.

There is no force in·the objection that the sheriff failed to demand payment of the judgment before he levied the execution, and did not notify Annie Pierce of the levy. It is no doubt true it was the duty of the sheriff to have done so, and failing in that regard, he may be liable for any damage shown to have grown out of such neglect of duty; but such omission does not affect the title acquired under the sale. But it is not such an irregularity as would render the sale void after it had passed redemption, and the sheriff's deed had been made. The evidence, we think, shows that she was notified of the sale long before the time for redemption expired, and

she made no motion to have the sale set aside for that reason, even if it would have justified it. So if it was an irregularity authorizing that to be done, she waived the right by acquiescing in the sale as it was made.

From these considerations it is obvious that the other questions raised require no discussion. As all of Annie Pierce's title passed to the purchaser at the sheriff's sale by his deed, she had nothing to sell,—hence her grantee took nothing by her deed to him.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*

Mr. JUSTICE DICKEY, dissenting.