|177  553|
|181  537|

MARIA HERTZ

*v.*

MARGARETHA BUCHMANN *et al.*

*Opinion filed December 21, 1898—Rehearing denied February 9, 1899.*

1. HOMESTEAD—*prior to act of 1873 homestead right was an exemption and not an estate.* Prior to the act of 1873 a conveyance by a householder having a homestead exemption passed the title to the grantee though the homestead was not released, but its operation as to the homestead was stayed until the exemption was extinguished in one of the modes recognized by law.

2. SAME—*estate of homestead cannot be greater than the interest in land to which it attaches.* A homestead exemption may attach to an estate for life or for a term of years, but cannot continue or be claimed after the termination of the estate to which it attaches.

3. SAME—*one co-tenant's homestead in undivided land cannot be set up against other co-tenants.* The exclusive possession of one co-tenant claiming homestead in undivided land is rightful as against the claims of creditors, but cannot be set up as against the demand of other co-tenants to be let into joint possession.

4. SAME—*co-tenant not having exclusive right to homestead can be compelled to make partition.* Grantees of an undivided half interest in land under a deed executed by a widower prior to the Homestead act of 1873, without releasing his homestead, are entitled, upon the grantor's death, to partition as against a claim of homestead by the grantor's second wife, who holds the other half interest under deed made after her marriage.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. M. W. SHAEFER, Judge, presiding.

This is a bill filed, as originally framed, on April 1, 1897, and, as subsequently amended, on September 15, 1897, in the circuit court of St. Clair county, by Margaretha Buchmann, daughter of Francis Hertz, deceased, and her husband, Valentine Buchmann, and John Wachtel, Edward Wachtel and Valentine Wachtel, the latter being a minor and suing by Fred Wachtel, his next friend, (said John, Edward and Valentine Wachtel being the grandchildren of said Francis Hertz, deceased, and the children of the latter's deceased daughter, Catherine

Wachtel), and Fred Wachtel, husband of the deceased Catherine, all of whom are the defendants in error herein, against Mary Hertz, the plaintiff in error, for the partition of a certain lot located in Belleville in St. Clair county. John Zeller and Nicholas Buhr were tenants upon the property. Mary Hertz, the plaintiff in error, answered the bill, setting up in defense that the premises in question were her homestead, and that the defendants in error were not entitled to have the same partitioned while she was occupying the same as a homestead.

Evidence, documentary and oral, was introduced upon the hearing, and the circuit court entered a decree, finding that the plaintiff in error was not entitled to a homestead in the lot; that she was entitled to one undivided half of the lot in fee simple; that Margaretha Buchmann, together with the children of Mrs. Wachtel, deceased, were entitled to the other undivided one-half in the proportions set forth in the decree; that Mary Hertz should account for the rents and profits, received by her since the death of her husband; that there was due from her on that account $80.00, which she was required to pay to the defendants in error; and it was ordered, that partition should be made, and, for the purpose, three commissioners were appointed, who reported that the premises could not be divided, and that the value of the lot was $600.00. The present writ of error is prosecuted from the decree so entered.

WINKELMANN & BAER, for plaintiff in error.

TURNER & HOLDER, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Francis Hertz, deceased, acquired title to the lot in controversy in September, 1859. On August 1, 1860, Francis Hertz, being then a widower, and being the owner in fee

of said lot, executed a deed, conveying the undivided one-half thereof to his two daughters, Catherine Hertz, afterwards married to Fred Wachtel, and Margaretha Hertz, afterwards married to Valentine Buchmann, which deed was recorded on August 3, 1860. By the deed so executed to his two daughters, Francis Hertz reserved to himself the use of said lot, including the house thereon situated, during his natural life. At that time he was living upon the lot, as a homestead, with his two daughters.

On April 9, 1861, Francis Hertz married, as his second wife, the present plaintiff in error, Mary Hertz, and he and she resided upon said premises, as their homestead, until his death. On August 1, 1861, Francis Hertz, by his deed of that date, conveyed the other undivided one-half of said lot to one Christian Klamm, who, on the same day, by his deed of that date conveyed said undivided one-half of the lot to Mary Hertz, the plaintiff in error. On August 2, 1895, Francis Hertz died intestate, leaving the plaintiff in error, his widow, and the defendants in error, his daughter and grandchildren.

There was no release of the homestead in the deed, made by Francis Hertz to his two daughters on August 1, 1860. That deed was executed prior to 1873. By the act in regard to homesteads, passed on April 30, 1873, the homestead right ceased to be a mere exemption, and was created into an estate not before known to the law. Before the act of 1873 was passed, the homestead exemption laws in force did not create a new estate, but simply an exemption; and it was held by this court that, where the owner of the homestead premises conveyed the same by deed or mortgage without releasing the homestead right, the fee in the premises, no matter what their value, passed to the grantee, subject only to the right of occupancy on the part of the grantor; and that, whenever the right of homestead terminated, by whatever means such termination should be effected, the grantee's right to the possession at once accrued. In other words, a conveyance by

a householder, in whom the homestead exemption existed before the act of 1873, even though such conveyance contained no formal waiver of the homestead, had the effect of transferring the title to the land to the grantee in the conveyance; but, so far as the deed affected the right of homestead, its operation was suspended, until the exemption was extinguished in some of the modes recognized by the statute. Under such prior homestead laws, the homestead right was annihilated when the occupancy terminated, as it was not an estate in the premises which could be transferred. (*Hartwell* v. *McDonald*, 69 Ill. 293; *Eldridge* v. *Pierce*, 90 id. 474; *Asher* v. *Mitchell*, 92 id. 480; *Kitterlin* v. *Milwaukee Mechanic's Mutual Ins. Co.* 134 id. 647).

Therefore, the two daughters of Francis Hertz, by the deed from their father to them, became vested with the fee simple title to an undivided one-half of the lot, subject to their father's right of occupancy of the same as a homestead. When, however, his death occurred, such right of occupancy ceased, and they were then the absolute owners of an undivided one-half of the property. After the execution, on August 1, 1860, of the deed to them by their father, his only remaining interest in the undivided one-half conveyed to them was a life interest. It is true, that the homestead exemption may attach to an estate less than a fee, and, so, may attach to an interest for life or for a term of years, but such exemption cannot continue, or be claimed, after the life estate, or estate for a term of years, has terminated.

An estate of homestead cannot be more extensive than the interest in land to which it attaches. "If the householder has an estate in fee, the estate of homestead may likewise be a fee, but if the householder has only an estate for life or for years, the estate of homestead will expire at his death, or at the expiration of the term for years." (*Stafford* v. *Woods*, 144 Ill. 203). Here, after the execution of the deed by Francis Hertz to his daughters, his homestead estate attached only to his life interest in the

undivided one-half of the lot owned by them, and terminated when such life estate ended by his death.

It is claimed, however, by the plaintiff in error that, even after the death of her husband, Francis Hertz, her homestead right attached to the undivided one-half of the premises owned by the defendants in error. It has been held, that there can be a homestead in an undivided interest in land, or in other words, that an estate in co-tenancy will support a right of homestead in one of the co-tenants. But this doctrine is never enforced to the prejudice of the just rights of the co-tenants. The exclusive possession of one co-tenant, claiming homestead, is rightful as against the claims of the creditors, but cannot be set up as against the demand of the other co-tenant to be let into joint possession. A co-tenant claiming a homestead right, not having an exclusive right as against the other co-tenant, can be compelled by the latter to make partition. If the property is capable of fair partition, so as to preserve the homestead and protect the co-tenant, the rights of both parties can be easily adjudged. But if the premises are not capable of partition, a court of equity has the power to order a sale for the purpose of a division of the proceeds of such sale. (*Brokaw* v. *Ogle*, 170 Ill. 115; *Clements* v. *Lacy*, 51 Tex. 150; *Kaser* v. *Haas*, 27 Minn. 406; *McGrath* v. *Sinclair*, 55 Miss. 89). We are, therefore, of the opinion that the defendants in error were not precluded from exercising their right to a partition of the premises by the existence of any homestead interest in the plaintiff in error.

Accordingly, the decree of the circuit court, ordering a partition of the lot in question, is affirmed.

*Decree affirmed.*