**Povilas Petrulionis, Plaintiff-Appellant, v. Eva Dudek, et al., Defendants-Appellees.**

**Gen. No. 53,351.**

First District, Fourth Division.

August 6, 1969.

Charles P. Kal and Tage Joranson, of Chicago, for appellant.

Miller and Ribstein, of Chicago (Eugene Lieberman, of counsel), for appellees.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff brought an action in the Circuit Court for the setting off of a homestead estate to himself, for the partition of certain real estate, and for the allowance of reasonable attorneys' fees. The court found that plaintiff was the owner of an undivided one-half interest in the realty; that he was a tenant in common with defendants who were owners of the other undivided one-half interest; that plaintiff was not entitled to homestead against his cotenants; and that plaintiff was required to account to defendants for profits. A decree was rendered consistent with those findings. Plaintiff appeals from that decree.

The facts are not in dispute and are recited in a stipulation of the parties as follows:

> That on November 15, 1962, by virtue of quitclaim deed dated November 15, 1962, and recorded December 7, 1962, plaintiff's wife and her son and daughter, Daniel Rumbutis and Eva Dudek, became the owners as joint tenants of an undivided one-half interest, and plaintiff and his wife became the owners as joint tenants of an undivided one-half interest, in the real estate described in the complaint; that at all times in said stipulation mentioned, said real estate has been and is now improved with a residence; that on November 15, 1962, and continuously thereafter, plaintiff and his wife as a family until her death on July 4, 1966, and plaintiff thereafter alone, occupied all of said real estate as a homestead, said real estate being the only real estate owned in common by plaintiff and said son and daughter of his wife; that plaintiff owns one-half, and said son and daughter, as joint tenants, own the other half of said real estate, subject to plaintiff's homestead and costs of suit; that plaintiff's said homestead has never been terminated.
>
> It is agreed and stipulated by and between the parties that this stipulation shall not, in any manner,

construe the rights of the parties hereto with respect to the homestead exemptions, but is solely for the purpose of stipulating the facts as to the residence and ownership and homestead of the plaintiff.

The issue in the instant case is whether a party is entitled to homestead rights against his cotenant by virtue of the homestead exemption in Ill Rev Stats, c 52. Until its amendment in 1965, section 1 of that Act was silent as to application of its rights as between cotenants. That amendment states specifically that the Act "is not applicable as between joint tenants or tenants in common but it is applicable to any creditors of such persons." [1] The plaintiff filed his complaint after the effective date of this amendment and seeks to avoid its operation against himself with the argument that he had a vested property right in his homestead at the time of the amendment which cannot be abrogated by the legislature. Defendants made a twofold response to this argument. First they argue that the amendment merely codified preexisting case law which held that homestead rights did

[1] C 52, Ill Rev Stats, is entitled, "EXEMPTIONS." After the subheading "HOMESTEAD" the following appears:

AN ACT to exempt the homestead from forced sale, and to provide for setting off the same, and to exempt certain personal property from attachment and sale on execution, and from distress for rent.

With the amendments of 1965, Section 1 thereof reads:

Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $5,000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all rights and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided, or as provided in Section 234 of the Probate Act, as heretofore or hereafter amended. This Section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons.

not exist between cotenants. Secondly, they argue that since homestead rights were created by the legislature in the first instance, these rights may be removed or amended by the legislature.

In Hertz v. Buchmann, 177 Ill 553, 53 NE 67, the court stated:

> It is claimed, however, by the plaintiff in error that, even after the death of her husband, Francis Hertz, her homestead right attached to the undivided one-half of the premises owned by the defendants in error. It has been held, that there can be a homestead in an undivided interest in land, or in other words, that an estate in cotenancy will support a right of homestead in one of the co-tenants. But this doctrine is never enforced to the prejudice of the just rights of the co-tenants. The exclusive possession of one co-tenant, claiming homestead, is rightful as against the claims of the creditors, but cannot be set up as against the demand of the other co-tenant to be let into joint possession. A co-tenant claiming a homestead right, not having an exclusive right as against the other co-tenant, can be compelled by the latter to make partition.

See Grigsby, Illinois Real Property, Vol 1 (1948 ed), c 5, § 105. Thus the 1965 amendment was only a codification of existing case law and by its terms barred the plaintiff's claim of homestead.

Defendants also point out that the legislature could change the homestead exemption at will. They rely on Mooney v. Moriarty, 36 Ill App 175, wherein the court held:

> It is urged that the plaintiff in error had a right to a homestead of the value of $1,500 at the date this allotment or assignment was made, and that a homestead of but $1,000 was set off to him. We are not

able to appreciate the force of this objection. The act of 1873 repealed the former act of 1872 giving a $1,500 homestead and reduced it to $1,000. The judgment was not taken against Mooney until in 1878 and the sale made in 1885. This claim of a $1,500 exemption is placed on the ground that Mooney occupied this lot as a homestead in 1872, when the $1,500 homestead exemption was in force, and that from that time and by virtue of that statute, he had a vested right of homestead which the subsequent act of 1873 could not take from him. There is no vested right growing out of a public law conferring favors or benefits upon the citizens when no element of contract or grant arises out of a statute. All such laws may be changed or repealed at any time according to the will of the State. Dobbins v. First Nat. Bank, 112 Ill 566; Cooley Const Lim Sec 479.

Plaintiff contends, however, that this decision relates only to the amount of homestead and not to the vested right. We cannot agree with this interpretation and therefore conclude that plaintiff's claim of a vested right in homestead was properly rejected by the trial court.

We find no error in the order for an accounting since this procedure is in compliance with Ill Rev Stats 1965, c 76, § 5.[2]

The judgment of the trial court is affirmed.

Affirmed.

McNAMARA and STAMOS, JJ., concur.

[2] "When one or more joint tenants, tenants in common or co-partners in real estate, or any interest therein, shall take and use the profits or benefits thereof, in greater proportion than his or their interest, such person or persons, his or their executors and administrators, shall account therefor to his or their cotenants jointly or severally."