First National Bank and Trust Company of Rockford, Plaintiff-Appellee, v. Nora Lee Sandifer, a/k/a Nora Lee Wiley and Nora Lee Brown, Defendant-Appellant.

Gen. No. 69–114.

Second District.

April 20, 1970.

480

Smith, Penniman and McGreevy, of Rockford, for appellant.

Connolly, Oliver and Goddard, of Rockford, for appellee.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

Defendant seeks reversal of the judgment of the trial court wherein an order was entered denying the defendant's motion to set aside a sheriff's sale of certain real estate.

Prior to October 1, 1960, the defendant resided and was contract purchaser of real estate commonly known as 901 South Court Street, Rockford, Illinois. On October 1, 1960, she married James Sandifer and thereafter, defendant and her husband resided at the premises.

Apex Lumber and Supply Co. (Apex) did some renovation work on the house in question and, on September 28, 1964, defendant executed a promissory note, which contained a confession clause, payable to Apex, in the amount of $4,030. Some time shortly thereafter, although the actual date is in dispute, Apex assigned the note to the plaintiff, First National Bank and Trust Company of Rockford.

On June 19, 1966, James Sandifer, while still residing with the defendant, died. After his death, defendant continued to reside at the premises and, later that year, received a warranty deed conveying the premises to her.

On August 16, 1968, a judgment by confession was entered against the defendant for the sum of $1,913.28. Thereafter, the sheriff of Winnebago County sold defendant's real estate to plaintiff for the sum of $2,000

and issued a certificate of purchase to the plaintiff. Defendant is appealing from an order denying her motion to set aside the above sheriff's sale.

On appeal, defendant claims that she was a householder, having a family, and was entitled to a homestead exemption as to the premises in question.

█ Section 1 of the Homestead Act (Ill Rev Stats 1967, c 52, § 1) insofar as material here, is as follows:

> "Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $5,000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; . . . ."

In Rock Island Bank & Trust Co. v. Lamont, 361 Ill 432, 198 NE 430 (1935), at page 434, the Court stated:

> ". . . Three conditions must exist under this statute in order that a homestead estate be created: (1) The claimant must be a householder; (2) he must have a family; and (3) the premises must be occupied as a residence. If any of these requisites is wanting the law will not create an estate of homestead."

See also, Rock v. Haas, 110 Ill 528, 533 (1884); McGookey v. Winter, 381 Ill 516, 525, 46 NE2d 84 (1943); Klebba v. Klebba, 108 Ill App2d 32, 36, 246 NE2d 681 (1969). Some title, no matter what its extent, is also necessary to sustain a homestead estate. Sterling Savings & Loan Ass'n v. Schultz, 71 Ill App2d 94, 111, 211 NE2d 53 (1966).

█ The question of whether the defendant is entitled to a homestead exemption is largely a matter of statutory construction as homestead rights were created by statute and not by common law, Petition of Lehman v. Cottrell, 298 Ill App 434, 440, 19 NE2d 111 (1939).

482

From the facts, it is clear that the premises were occupied as a residence; it therefore must be determined whether the defendant was a householder and whether she had a family as contemplated by the Act.

The word "householder," within the context of the Act, has been the subject of many interpretations prompted by the analogy which heretofore existed between the term "householder" and that of "head of the family." Within the Act, the term "householder" appears, while the phrase, "head of the family," does not. Defendant has cited authorities which hold that the Act does not require that the householder be the head of a family but that he shall have a family. (Rock Island Bank & Trust Co. v. Lamont, supra, at p 436; McNichols v. McNichols, 299 Ill 362, 369, 132 NE 448 (1921); Zander v. Scott, 165 Ill 51, 46 NE 2 (1897).) In Zander, the court in reversing on other grounds, stated at page 54:

> "We see no reason why a wife, though living with her husband, may not be considered a householder under this provision. The statute does not make it necessary that the party claiming the exemption should be the head of a family. It is sufficient that he or she be a *householder* having a family.'"

 In most family situations, the words "head of the family" and "householder" are synonymous. The husband, if living and residing with his family, is the "householder," and the estate of homestead is vested in the husband. (Morris Inv. Co. v. Skeldon, 399 Ill 506, 509, 78 NE2d 504 (1948); Brokaw v. Ogle, 170 Ill 115, 48 NE 394 (1897).) Any man who has a wife is presumed to be the head of a family within the meaning of homestead and exemption statutes, 40 Am Jur2d, Homestead, § 20.

In an early decision, the Illinois Supreme Court defined "householder" as a person owning a house occupied as a dwelling within the meaning of the Act.

Rock v. Haas, supra, 533. The Court, in Brokaw v. Ogle, supra, at page 126, stated:

". . . 'householder' means the head, or person, who has the charge of the family, and does not apply to the subordinate members or inmates of the household."

Then, in referring to Zander, the court went on to state that:

". . . The ordinary signification, however, of a householder is, that such a person is the head of the family, upon whom the other members are *dependent*. The family, within the meaning of the Homestead law, consists of those members of the household, who are dependent upon the householder for support, or to whom the householder owes some duty." (Emphasis added.)

██ ██ The word "householder" has also been defined as "head or master of a family or the person who has charge of and provides for it." 40 Am Jur2d, Homestead, § 17. As stated before, it is primarily the husband who is the head of the family, but this presumption may be overcome. 40 Am Jur2d, Homestead, § 20. For purposes of homestead, the wife may be the head of the family where the husband has suffered a severe illness and is incapacitated, so that he is dependent on his wife, rather than her supporter. See, Bigelow v. Dunphe, 143 Fla 603, 197 So 328 (1940). Where a husband who is the head of the family, separates from the wife, the homestead rights continue in the wife who succeeds him as the head of the family. Maher v. Goff, 316 Ill 605, 607, 147 NE 427 (1925).

The defendant has cited a number of cases which held that the wife had a homestead to certain specified property. None of the cases cited set out how the wife satisfied the requirements that are necessary to es-

tablish a homestead estate. Thus, we find that those authorities are not controlling on the question as to whether or not a homestead estate was established in the case at bar.

■ The defendant contends that with women's emancipation, she now holds a duty to support her husband and thus she is a "householder" under the Act. As the Support Act points out, insofar as the duty of support by wife for her husband is concerned, a wife is liable for the support of her husband only if he is in need of such support and likely to become a public charge. Ill Rev Stats 1967, c 68, § 52. There is a duty to support the husband under the Support Act only if the actual dependency is shown. The defendant has made no such allegation in the case at bar.

■ ■ After a careful analysis of the authorities cited by both parties, this court is of the opinion that, in this case, the word "householder" and the words "head of the family" are synonymous to the extent that there must be an actual state of dependence by members of the "family" on the individual claiming to be a householder under the Illinois Homestead Act. In order for the wife to be the "head of the family" or "householder" for the purpose of the Homestead laws, she must in fact be the controlling or supporting force in the family and there must be dependence upon her by the family. The element of dependency must be present. See McGookey v. Winter, supra, pp 525, 526.

■ The defendant, in the case at bar, does not claim or allege that she was the means of support for her family, which consisted of her now deceased husband. It therefore follows that the defendant is not a "householder" under the Act, since she has failed to meet her burden of showing that her "family" was actually dependent upon her.

■ This court is also of the opinion that the appellant did not have a "family" as contemplated by the

Act. A family, under such contemplation, consists of the householder and members of a household who are dependent upon the householder for support or to whom the householder owes some duty to support. Rock Island Bank & Trust Co. v. Lamont, supra, page 435.

■ Again, the question resolves itself to the point of whether or not defendant's deceased husband was actually dependent upon her for support. She did not show that her family was dependent upon her or that she was her husband's means of support.

The trial court found in its order that the debt was incurred for improvements of the premises claimed by defendant as a homestead and, accordingly, is not exempt from sheriff's sale by reason of the provision of Ill Rev Stats 1967, c 52, § 3. The order further went on to state that the defendant was not the means of support for her family, her husband, James Sandifer, and was not a "householder having a family. . . ."

Defendant's final contentions are based on Ill Rev Stats 1967, c 52, § 3, which is an exception to the Homestead Act in certain specified situations. The defendant claims that plaintiff has failed to bring its claim within the exceptions as provided in section 3 of the Homestead Act and, therefore, the Homestead Estate of the defendant has not been lost or extinguished. This contention however presupposes that a homestead estate existed in order for the exception to attach. Since we have found there to be no estate of homestead in the defendant, this contention automatically falls.

Therefore, the judgment of the trial court will be affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.