EDWARD BERG, Plaintiff-Appellee, *v.* ROSA LEE BERG, Defendant-Appellant.

Second District   No. 76-40

Opinion filed January 28, 1977.

James A. Piszczor, of Berry & Berry, of Rockford, for appellant.

Rolland J. McFarland, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The sole question presented this court is whether there may be a monetary award for homestead in a partition sale between joint tenants.

The parties herein were divorced on January 10, 1973. Disposition of the real property was reserved for the further order of the court. Edward Berg, the plaintiff, resided in the residence, title to which was in the defendant, Rosa Lee Berg, plaintiff's former wife, and plaintiff, as joint tenants. Some months later Edward Berg filed a suit for partition and a decree of partition was entered on November 7, 1974, ordering that each party was entitled to one-half of the proceeds from the sale of the

premises. On July 24, 1975, the plaintiff moved to vacate the decree for partition contending that he was entitled to a homestead of $10,000. The court granted the motion and ordered that $10,000 be set aside from the proceeds for his homestead. A motion to vacate this order was denied and the defendant appeals, alleging that neither party could assert any right to homestead against the other.

At the outset there appears to be somewhat of a conflict of authority in the State of Illinois on the question of a monetary award for homestead. This is particularly so in cases involving parties who were formerly husband and wife, one of whom resides in the joint tenancy property of the parties at the time of the divorce or subsequent thereto. The conflict stems from the interpretation of section 1 of "An Act to exempt the homestead from forced sales * * *" (Ill. Rev. Stat. 1973, ch. 52, par. 1). The statute presently reads as follows:

> "Every householder having a family shall be entitled to an estate of homestead to the extent in value of $10,000, in the farm or lot of land and buildings thereon owned or rightly possessed by lease or otherwise and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts or other purposes and from the laws of conveyance, descent and devise, except as hereinafter provided or as provided in Section 234 of the Probate Act, as heretofore or hereafter amended. *This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons.*" (Emphasis added.)

The last sentence of this section was added by the legislature in 1965. In this court's opinion the statute provides for an exemption of the homestead from attachment, judgment, levy or execution sale for the payment of debts or other purposes just as the title of the chapter reads. It is not a monetary award of homestead which may be asserted between the parties. As pointed out in *Gottemoller v. Gottemoller* (1976), 37 Ill. App. 3d 689, 693, 346 N.E.2d 393, 396:

> "The exemption which we have been discussing is actually created as a protection against third-party creditors, and is not an interest to be recognized as between joint tenants or tenants in common (Ill. Rev. Stat. 1973, ch. 52, §1). We, therefore, tend to question whether the homestead estate or exemption is even a cognizable interest to be bandied about between husband and wife, when they are equal owners of the property."

With this we agree, notwithstanding the fact that many courts have in fact discussed the homestead interest based upon the exemption against creditors cited above.

In connection with this issue counsel for the plaintiff has cited the following cases as perhaps controlling: *Brod v. Brod* (1945), 390 Ill. 312, 61 N.E.2d 675; *Wiegand v. Wiegand* (1951), 410 Ill. 533, 103 N.E.2d 137; *Taylor v. Bukowski* (1960), 19 Ill. 2d 586, 169 N.E.2d 89; *Heldt v. Heldt* (1963), 29 Ill. 2d 61, 193 N.E.2d 7. We do not find these cases applicable to the case before us because they were decided before the 1965 amendment.

In amending section 1 of chapter 52 in 1965, as indicated above, the legislature added language to the effect that this section is not applicable as between joint tenants or tenants in common but is an exemption of homestead from creditors of the householder. In *Ball v. Ball* (1975), 27 Ill. App. 3d 678, 326 N.E.2d 782, the trial court divided the sale proceeds equally between the parties without setting off defendant's homestead as raised by her pleadings. The court stated that:

> "The trial court's ruling was correctly based upon the plain and unambiguous language of the Homestead Act." (27 Ill. App. 3d 678, 680, 326 N.E.2d 782, 783.)

We agree that the statute is unambiguous.

We disagree with the recent case of *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 356 N.E.2d 788, in which the court cited several pre-1965 cases and concluded that the trial court was correct in awarding the additional sum of $5,000 from the proceeds of the partition sale as a homestead to one of two tenants in common. Interestingly, the court in that decision did not consider the 1965 amendment to the exemption act.

■■ ■ We therefore find, as the court did in *Gottemoller*, that the "exemption" is a protection against third-party creditors and not an interest to be recognized as between joint tenants or tenants in common. We further hold that the statutory amendment of 1965 is controlling and overrides the cases decided prior thereto to the extent they are in conflict with it.

■■ We therefore reverse and remand with instructions to the trial court to find that there is "no homestead exemption" in the plaintiff for purposes of partition between joint tenants and to enter judgment that the proceeds of the partition sale are to be divided equally between the parties.

Reversed and remanded with instructions.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.