KENNETH CHAPMAN *et al.,* Plaintiffs-Appellees, *v.* PATRICIA RICHEY, Defendant.—(ANNA CHAPMAN, Indiv. and as Ex'x of the Estate of Everett T. Chapman, Deceased, Defendant-Appellant.)

Fifth District   No. 77-285

Opinion filed August 9, 1978.—Rehearing denied August 21, 1978.

JONES, J., dissenting.

Lawrence Eaton, of Eaton & Eaton, of Newton, for appellant.

Robert L. Douglas, of Robinson, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court: Defendant, Anna Chapman, appeals from that portion of a decree in partition entered by the circuit court of Jasper County which denied her claim of homestead. The property in question was owned by the defendant Chapman's husband, Everett Chapman, and occupied by them as their marital residence for over 26 years. On July 9, 1976, Everett Chapman died leaving defendant Anna Chapman, his wife, and six children of a previous marriage as his heirs. Since that time defendant Chapman has continued to occupy said premises as her home.

On January 18, 1977, Anna Chapman renounced the decedent's will and elected to take her statutory share of the estate. Thereafter his children by the previous marriage filed a partition suit. The court on May 18, 1977, ordered partition of the premises in question as well as two other parcels of land not involved in this appeal. Anna Chapman was granted an undivided one-third interest in the premises with an undivided one-ninth interest being awarded to each of the decedent's six children. The trial court expressly denied defendant's application for homestead rights in these premises and this appeal ensued.

Defendant claims that pursuant to sections 1 and 2 of the homestead exemption act (Ill. Rev. Stat. 1975, ch. 52, pars. 1, 2), she is entitled as a

matter of right to have the homestead set aside as to the premises owned by her husband and occupied by them as the marital residence. Plaintiffs contend that since defendant Chapman's interest in the premises is that of a tenant in common, the 1965 amendment to the homestead act, a portion of which is underlined below, prevents the defendant from claiming homestead as against the plaintiffs. The act in pertinent part reads:

§1. Amount—Application of section.

Every householder having a family shall be entitled to an estate of homestead to the extent in value of $10,000, in the farm or lot of land and buildings thereon owned or rightly possessed by lease or otherwise and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts or other purposes and from the laws of conveyance, descent and devise, except as hereinafter provided or as provided in Section 234 of the Probate Act, as heretofore or hereafter amended. *This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons.*

\* \* \*

§2. Continuance of exemption after death or desertion.

Such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, \* \* \*."

(Emphasis added.) Ill. Rev. Stat. 1975, ch. 52, par. 1—2.

In accordance with the stipulation of the parties the trial court specifically found that the deceased was a householder at the time of his death and that defendant Anna Chapman continued to occupy the homestead following her husband's death.

■■■ The homestead exemption provided by section 1 of the homestead act (Ill. Rev. Stat. 1975, ch. 52, par. 1) may be claimed when three criteria have been satisfied. A person must be (1) a householder (2) with a family and (3) occupying the land as a residence. A householder is one who owns a dwelling house capable of being occupied as a dwelling. (*Rock v. Haas*, 110 Ill. 528.) A family is a person or persons dependent upon the householder for support. (*First National Bank & Trust Co. v. Sandifer*, 121 Ill. App. 2d 479, 258 N.E.2d 35.) The land must be actually occupied as a dwelling. (*Morris Investment Co. v. Skeldon*, 399 Ill. 506, 78 N.E.2d 504.) Once these qualifications have been satisfied, the homestead is exempt from third-party claims by attachment or execution and is also exempt from the laws of conveyance, descent and devise. The homestead is exempt up to the value of $10,000.

Section 1 was amended in 1965 to include the following sentence: "This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons."

Section 2 of the act provides that the homestead exemption shall continue (1) in the surviving spouse after the death of the householder, and (2) in the occupying spouse after the householder has abandoned the residence.

The appellees rely upon the 1965 amendment to uphold the trial court's denial of homestead to the surviving spouse. Anna Chapman renounced the will giving her a life estate in the property in favor of her statutory share of one-third of the fee. The six devisees under the will took the remaining two-thirds interest in fee and instituted this partition suit. Accordingly, the appellees argue, the parties hold as tenants in common and the homestead exemption is specifically denied by the statute.

■■ The right of homestead is a freehold estate created by statute. It is an interest in land rather than a mere exemption. (20 Ill. L. & Prac. *Homestead* §2 (1956).) The first homestead law was passed in 1851. Homestead was not exempted from the laws of descent and distribution under the 1851 law. The omission in the law of 1851 to exclude the homestead from the laws of descent and devise placed it within the power of the heirs to destroy the homestead estate of the surviving spouse by filing a suit for partition. (*Turner v. Bennett,* 70 Ill. 263.) The 1851 act continued in force until the act of 1872 was passed.

"The Act of 1872 made three important changes in the homestead law: (1) it changed a mere exemption to an estate; (2) it made the estate exempt from the laws of descent and devise; (3) it continued the exemption for the benefit of the surviving husband as well as the wife." 20 Ill. L. & Prac. *Homesteads* §4 (1956).

The court's opinion in *Powell v. Powell,* 247 Ill. 432, 93 N.E. 432, includes an excellent historical analysis of the statutory language exempting the homestead from the laws of descent and devise. The court explained:

"After the passage of the law of 1872 this court gave effect to the provision in that law exempting the homestead from the effect of the laws of descent and devise, by holding that after the death of the householder the widow was entitled to a homestead against the claims of the heirs. [Citations.]

❋ ❋ ❋

The language of the statute exempting the homestead from the laws of descent and devise means, in such case, that all right of the heirs or devisees, as such, to interfere with the homestead must be

postponed until that estate is extinguished by the death of the life tenant or in some of the ways provided by law." 247 Ill. 432, 436-37.

Appellees contend that the 1965 amendment to the homestead act changed the law so that now the surviving spouse is not entitled to a homestead estate against the claims of the heirs. There can be no question that under the law prior to the 1965 amendment no one could seriously contend that the adult heirs or devisees could interfere with the rights of homestead of the surviving spouse by filing a partition suit. (*Powell v. Powell*, 247 Ill. 432, 93 N.E. 432.) This has not been disputed by the parties.

■■ A statute amending a former act operates, as to matters thereafter occurring, precisely as if the amendatory statute had been added to the prior act at the time of its adoption, and the two acts must be construed together as one statute. (*Bell v. School District No. 84*, 407 Ill. 406, 95 N.E.2d 496.) Where two acts or parts of the same act are seemingly repugnant, they should be so construed, if possible, that both may stand. *Anderson v. City of Park Ridge*, 396 Ill. 235, 72 N.E.2d 210.

> "An amendatory act is to be construed as continuing in effect the unchanged portions of the original act, and in accordance with the provisions of S.H.A. ch. 131, §2, where the General Assembly amends a statute the portions of the old law which are repeated, either literally or in substance, are regarded as a continuation of the existing law and not the enactment of a new law on the subject." 34 Ill. L. & Prac. *Statutes* §161 (1958).

The 1965 amendment provides, "This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons." Just before this language appears the language, "and all rights and titles therein, shall be exempt from attachment judgment, levy or execution sale for the payment of his debts or other purposes and from the laws of conveyance descent and devise." As stated before in this opinion the omission of the law of 1851 to exclude the homestead from the laws of descent and devise virtually placed it within the power of the heirs, by partition, to destroy the homestead estate of the surviving spouse. Also, as stated before, the homestead act of 1872 made the estate exempt from the laws of descent and devise. This was continued in the act after the passage of the 1965 amendment. Since the language in section 1 of the homestead act excluding homestead from the laws of descent and distribution has remained unchanged after the 1965 amendment, we must construe this section to remain unchanged. The same reasoning applies to section 2 of the act which also remained unchanged after the passage of the 1965 amendment. The law is clearly enunciated in 20 Ill. L. & Prac. *Homesteads* §51, at 681 (1956):

"Under §2 of the Homestead Act, S.H.A. ch. 52, §2, the homestead exemption continues after the death of the householder for the benefit of the surviving husband or wife and also for the benefit of the children, as discussed infra §52. Moreover, under this same section, if a husband or wife deserts his or her family the homestead exemption continues in favor of the one occupying the premises as a resident."

■■ We conclude that the 1965 statute was merely a codification of prior law and therefore did not effect a change in the homestead act. In *Heldt v. Heldt*, 29 Ill. 2d 61, 193 N.E.2d 7, the supreme court held that where a wife sought partition of the family home held in joint tenancy with her husband, he was not entitled to have the homestead set off to him in the partition suit where they both occupied the premises. In so doing the court quoted from *La Placa v. La Placa*, 5 Ill. 2d 468, 126 N.E.2d 239, where a like situation existed and in which the court held that where the property was occupied by the husband and wife as tenants in common, it was proper to partition the property equally between the husband and wife without setting off homestead to either of them.

The *Heldt* case was decided in 1963. The statutory amendment which concerns us was not passed until 1965; therefore, it would appear that the 1965 amendment was only a codification of prior law. *Petrulionis v. Dudek*, 113 Ill. App. 2d 398, 252 N.E.2d 23, so holds. We therefore hold this is the law now and that this was the law prior to the 1965 amendment to the homestead act.

■■ Where a husband and wife own and occupy property as joint tenants or as tenants in common, neither party should be allowed to claim the homestead exemption as against the other in a partition proceeding. They hold the property jointly and are in joint possession prior to the institution of the partition proceeding. Section 1 of the act clearly applies and the exemption claim should be denied. If one of the parties abandons the residence, however, the remaining spouse takes the full homestead exemption under section 2 of the act. The same is true if one of the parties dies. In the former case, the occupying spouse is entitled to have the homestead exemption set off in a partition action by the abandoning spouse or by those claiming through him. While the parties are co-tenants throughout, only the occupying spouse is in possession of the property at the time of the separation. In the latter case, those claiming through the deceased spouse were not joint tenants or tenants in common at the time of the death, and the section 1 amendment is not applicable.

■■ In this case Everett Chapman owned the entire fee to the marital premises. Upon his death, the surviving spouse took the homestead exemption under section 2 of the act. Her possession was continuous and her claim superior to those who claim under the will or by the laws of

descent. (20 Ill. L. & Prac. *Homesteads* §53 (1956).) Those claiming under the will never held or possessed the property in common with the surviving spouse prior to the death of Everett Chapman. Accordingly, the section 1 amendment denying the exemption between tenants in common is not applicable.

Such a construction of the 1965 amendment is necessary to give effect to section 1 of the homestead act which holds the homestead "exempt from * * * the laws of conveyance, descent and devise." This construction also gives meaning to section 2 of the homestead act which provides for the continuation of the exemption for the surviving or abandoned spouse. We also observe that the homestead act places claims of devisees and heirs on an equal basis with the claims of creditors. This is made clear by the following language in section 1 of the act:

> "and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts or other purposes and from the laws of conveyance, descent and devise * * *." (Ill. Rev. Stat. 1975, ch. 52, par. 1.)

In *Wilson v. Illinois Trust & Savings Bank*, 166 Ill. 9, the court said:

> "The exemption is equally from the laws of conveyance, descent and devise as from sale for debts, and there is no greater exemption against the grantee, heir or devisee than against the creditor." 166 Ill. 9, 12.

The appellees rely on *Berg v. Berg*, 45 Ill. App. 3d 422, 359 N.E.2d 892. The *Berg* court held that the 1965 amendment to the homestead act changed the existing law so that those who owned property as joint tenants or tenants in common could never claim homestead against the other. In so holding, the *Berg* court rejected from its consideration all cases decided before the 1965 amendment. It expressly approved the holding in *Ball v. Ball*, 27 Ill. App. 3d 678, 326 N.E.2d 782, and expressly disagreed with the holding of *Anderson v. Anderson*, 42 Ill. App. 3d 781, 356 N.E.2d 788. In *Ball* a husband who had jointly owned and occupied the premises with his wife, abandoned the marital home and deeded his interest in the property to his son who then filed a partition suit. The trial court granted partition and ordered the proceeds of the sale to be distributed equally without allowing the wife an award for homestead. The appellate court affirmed relying on the language of the 1965 amendment which it said was plain and unambiguous. Neither the *Berg* nor *Ball* cases discussed that portion of section 1 of the act exempting the homestead estate from the law of descent and distribution; nor did they discuss section 2 of the act.

In *Anderson* the husband and wife owned the marital residence as tenants in common. The husband left the marital residence and later filed

a partition suit. The trial court granted partition and awarded the wife only one-half of the homestead exemption. In reviewing, the appellate court said:

> "Some Illinois cases have held that if a husband lives and resides with his wife, the estate of homestead is vested in him. [Citations.] Other cases have held that if a husband and wife are common owners of the property upon which they reside, the homestead estate is vested in them jointly. [Citations.] But all cases hold that if one spouse separates from the other and abandons the premises, the homestead rights accrue to the spouse who remains in the residence." (42 Ill. App. 3d 781, 783-84.)

We expressly follow the holding of the *Anderson* case and decline to adopt the rationale of the *Berg* and *Ball* cases.

We conclude that the 1965 amendment to the homestead act was merely a codification of the prior law. Under the law prior to the 1965 amendment, appellant would have been entitled to an award of homestead. Since the amendment made no change in the prior law, the trial court erred in denying appellant's claim of homestead.

For the foregoing reasons the judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

KARNS, J., concurs.

Mr. JUSTICE JONES, dissenting:

The opinion adopted by the majority effectively invalidates an important statutory provision of the homestead act. The result reached is unwarranted and unsupported and I accordingly respectfully dissent.

The majority point out that the homestead act of 1851, by failing to exclude the homestead from descent and devise, placed it within the power of those acquiring interests by such means to destroy the homestead of the surviving spouse. The act of 1872 wrought a change in this regard by extending the exemption (by the amendment the exemption was enlarged to an estate) to protection from interests acquired by descent and devise. This meant that thereafter persons who became co-tenants by descent or devise could not deprive the surviving spouse of the estate of homestead. The majority note that this history is set forth in *Powell v. Powell*.

By the 1965 enactment the legislature added to section 1 of the act: "This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons." The majority has found this sentence to be a mere codification of prior law,

placing reliance on *Heldt v. Heldt, La Placa v. La Placa,* and *Petrulionis v. Deduk.* These cases are not at all apt. *Heldt* and *La Placa* dealt with husbands and wives who were joint tenants of the premises in question and occupied by both as their homestead. They noted that the husband, being the householder, was presently entitled to the homestead and the wife was not presently entitled to homestead. The court held, simply, that the husband's right to homestead would be continued in his separate parcel if the premises were divided in partition, or the monetary equivalent of homestead paid from his one-half of the proceeds should the land be sold. In neither of the cases was the interest of the co-tenant seeking partition acquired by descent or devise, and both of the cases were decided prior to the 1965 amendment to the act.

The *Petrulionis* case does contain the statement that the 1965 amendment was a codification of the prior law. However, it is plainly evident that the *Petrulionis* case was erroneously decided. It placed sole reliance for its result upon *Hertz v. Buchmann,* 177 Ill. 553, 53 N.E. 67, notwithstanding the fact that the decision in that case was expressly predicated upon an interpretation of the homestead act as it existed prior to the amendment of 1872. See Kales, Homestead Exemption Laws §34, at 37 (1902). Accordingly, it cannot be authority for the decision in *Petrulionis. Petrulionis* erroneously compared the 1965 amendment to the *pre*-1872 act, rather than to the act as it existed *following* the 1872 amendment. Moreover, the *Petrulionis* case is squarely at odds with *Powell v. Powell.*

When the entire wording of the sentence added by the 1965 amendment is considered, together with its background, it will be seen that it is far from a codification of prior law. It constitutes a radical change in the right to assert the right of homestead against co-tenants, but at the same time it preserves the right to assert the claim of homestead against creditors of co-tenants as that right existed prior to the 1965 amendment.

This interpretation of the 1965 amendment is in keeping with the statement of the supreme court that the estate of homestead is essentially an exemption from the claims of third parties. (*Heldt v. Heldt; La Placa v. La Placa.*) In a case decided subsequent to the 1965 amendment, this policy statement was enlarged to:

> "The [homestead] exemption which we have been discussing is actually created as a protection against third-party creditors, and is not an interest to be recognized as between joint tenants or tenants in common (Ill. Rev. Stat. 1973, ch. 52, §1). We, therefore, tend to question whether the homestead estate or exemption is even a cognizable interest to be bandied about between husband and wife, when they are equal owners of the property." *Gottemoller v. Gottemoller,* 37 Ill. App. 3d 689, 693, 346 N.E.2d 393, 396.

The majority took note of the fact that *Berg v. Berg*, 45 Ill. App. 3d 422, 359 N.E.2d 892, and *Ball v. Ball*, 27 Ill. App. 3d 678, 326 N.E.2d 782, have reached a contrary conclusion regarding the effect of the 1965 amendment. Those cases reached their result by stating that the intent and meaning of the amendment was plain. With that I agree. The majority, while rejecting *Berg* and *Ball*, adopted the holding of *Anderson v. Anderson*, 42 Ill. App. 3d 781, 356 N.E.2d 788. However, *Anderson* is of doubtful worth as authority for, as pointed out in *Berg*, it relied on several pre-1965 cases *and never even considered the 1965 amendment.*

The result of the *Berg* and *Ball* cases is correct and I would follow them by affirming the judgment of the trial court.